## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| SETH LEIGHTON, | ) |
| *Plaintiff* | ) ) ) |
| v. | ) ) | Docket No. 07-142-B-W
| MICHAEL J. ASTRUE,<br>**Commissioner of Social Security,** | ) ) ) ) |
| *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the jobs listed by the administrative law judge as being within the plaintiff's residual functional capacity are in fact precluded by the findings concerning his limitations; that the conflicts between the vocational expert's testimony and the information in the *Dictionary of Occupational Titles* are not explained, in violation of Social Security Ruling 00-4p; that certain mental limitations found by the administrative law judge were erroneously excluded from the hypothetical question posed to the vocational expert; and that the administrative law judge misapplied the opinion of a treating physician. I recommend that the court vacate the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 19, 2008, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

In accordance with the commissioner's sequential evaluation procedure, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from hepatitis C and an anxiety disorder, impairments that were severe but did not, whether considered singly or in combination, medically meet or equal the criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 27-28; that he had the residual functional capacity to lift 10 pounds frequently and 20 pounds occasionally, to sit/stand/walk for 6 hours in an 8-hour day, occasionally climb stairs and ramps, and bend, crouch, and stoop, follow instructions up to the SVP three level, make simple work-related decisions, occasionally, but incidentally, have contact with the public, tolerate occasional routine supervision, interact occasionally with up to 10 coworkers, adapt to occasional work changes, and maintain a goal-oriented pace, but not a production rate, Finding 5, *id*. at 29; that he was unable to perform any of his past relevant work, Finding 6, *id*. at 30; that, given his age (21 at the alleged date of disability onset), education (high school), work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-8 & 10, *id*.; that transferability of job skills was not material to the determination of disability due to the plaintiff's age, Finding 9, *id*.; that the jobs identified by the vocational expert in response to a hypothetical question at the hearing were flagger, janitor, and delivery driver, and that the testimony was consistent with the *Dictionary of Occupational Titles*, *id*. at 31; and that the plaintiff, therefore, had not been under a disability as that term is defined in the Social Security Act at any time from September 15, 2002 through the date of the decision, Finding 11, *id*.  The Appeals Council declined to review the

decision, *id*. at 6-8, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff first argues that none of the three jobs cited by the administrative law judge is actually within the residual functional capacity that he assigned to the plaintiff. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 5) at 2. The three jobs were flagger, janitor, and delivery driver. Record at 31. At oral argument, counsel for the commissioner conceded that the jobs of janitor and delivery driver, as described in the *Dictionary of Occupational Titles* ("DOT") (U.S. Dep't of Labor, 4th ed. rev. 1991), were not consistent with the residual functional capacity assigned to the plaintiff

by the administrative law judge and included in his hypothetical question to the vocational expert, and that thus the commissioner could not rely on them to support the administrative law judge's conclusion that the plaintiff was not entitled to benefits.  Therefore, I need not consider those two jobs further.

The remaining job, flagger, Record at 31, has a "significant" rating for speaking and signaling to people, *id*. at 660.  The job is described, *inter alia*, as requiring discussion with a superior, directing movement of traffic with signals, warning construction workers of approaching vehicles and informing drivers of detour routes.  *Id*. at 659.  These functions do not appear to be compatible with limitations to occasional incidental contact with the public, occasional routine supervision, and occasional interaction with no more than 10 coworkers, *id*. at 29, limitations that were included in the administrative law judge's hypothetical question to the vocational expert, *id*. at 80.  There is no discussion in the administrative law judge's opinion and no questioning of the vocational expert at the hearing about this apparent inconsistency.  Social Security Ruling 00-4p requires the administrative law judge to "obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the Dictionary of Occupational Titles."  Social Security Ruling 00-4p ("SSR 00-4p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2006-2007), at 243.  It may well be possible to reconcile the characteristics of the job as they are listed in the DOT with the mental limitations assigned by the administrative law judge.  On their respective faces, however, they appear to be inconsistent, and therefore some examination of this issue was required.

At oral argument, counsel for the commissioner contended that "it is not at all clear" that the flagger job requires more than occasional or incidental contact with the public, noting that the DOT definition of the job lists talking and hearing as "occasionally present" job functions that

occur "up to 1/3 of the time," Record at 661, which she contended were analogous to limitations to occasional contact with the public and occasional interaction with up to 10 coworkers. She also suggested that the use of the word "occasional" by the administrative law judge and the vocational expert implied the same definition. The latter assertion may well be accurate, but I cannot agree with the former. It is significant that the administrative law judge included in the assigned residual functional capacity that the occasional contact with the public also be incidental. Record at 29, 89. Contact that is incidental would not, by definition, be purposeful, and a flagger must initiate conversation with the public at times, according to the DOT definition.

Counsel for the commissioner also argued that the vocational expert identified a fourth job, that of parking lot attendant, which the administrative law judge did not include in his opinion, but which counsel argued should nonetheless be considered as substantial evidence supporting his ultimate conclusion. I do not reach the question of whether the commissioner's decision may be "saved" in this manner, *but see Federal Power Comm'n v. Texaco Inc.*, 417 U.S. 380, 397 (1974) ("[W]e cannot accept appellate counsel's *post hoc* rationalizations for agency action; for an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself.") (citations and internal quotation marks omitted), because counsel for the commissioner admitted that this job has the same "people" temperament rating as the flagger job and, thus, suffers from the same infirmities noted above for purposes of this case.

I note that the plaintiff's observation that the administrative law judge made an error of law in stating that "[h]e is able to follow instructions up to the SVP three level[,]" *id*. at 29, is also correct. A Specific Vocational Preparation rating deals with the amount of time necessary to learn a job. *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991),

5

Appendix C (II). Complexity of instructions would be considered in connection with the reasoning level ratings of the DOT's General Educational Development ("GED") factor. DOT, Appendix C (III). Counsel for the commissioner contended at oral argument that this issue was not raised in the plaintiff's itemized statement and, therefore, could not be considered by the court. The plaintiff did in fact raise this issue. Itemized Statement at 5-6. However, the plaintiff only directly discussed this issue in the context of the janitor job, a job upon which the commissioner has already acknowledged he cannot rely.

I also agree with the plaintiff's contention, *id.* at 6, that the mental limitations included in the residual functional capacity assigned by the administrative law judge do not include the moderate difficulties in maintaining social functioning and concentration, persistence or pace that he found to exist, Record at 29. The limitations on contact with the public, routine supervision, interaction with coworkers, and work changes and pace are not consistent with those moderate difficulties. *See, e.g., Whack v. Astrue*, 2008 WL 509210 (E.D.Pa. Feb. 26, 2008), at *8 (and cases cited therein); *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930 (E.D.Mich. 2005). *But see Hofslien v. Barnhart*, 172 Fed.Appx. 116, 120 (7th Cir. 2006); *Hilkemeyer v. Barnhart*, 380 F.3d 441, 446-47 (8th Cir. 2004)

The plaintiff's final argument deals with the opinion of his treating psychiatrist that the plaintiff is disabled. Itemized Statement at 6-7. Of course, this is a judgment that is reserved to the commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Thus, there is no problem with the administrative law judge's conclusion that the psychiatrist's opinion on this issue "is given little weight." Record at 29. Indeed, he is required to demonstrate only that he did not ignore the treating psychiatrist's opinion on this point. *Cranmer v. Astrue*, 2008 WL 648964 (D. Me. Mar. 5, 2008), at *4.

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED,** and the case remanded for further proceedings consistent herewith.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2008.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge